**UNITED STATES of America**

v.

**John J. SHEA, a/k/a "Red," et al., Defendants.**

**Crim. No. 90–10204–K.**

United States District Court, D. Massachusetts.

Dec. 13, 1990.

Martin F. Healey, Boston, Mass., for U.S.

Richard Egbert, Boston, Mass., for defendants.

## MEMORANDUM AND PROCEDURAL ORDER

KEETON, District Judge.

■ This court issued a Memorandum and Procedural Order on November 5, 1990, 750 F.Supp. 46 (Docket No. 471) proposing to sever four of the 23 defendants from the indictment in this case and try them first on twelve of the 57 counts. At that time, the court invited the government and any defendants to offer their own suggestions for creating a manageable trial in this complex drug conspiracy case. Also, the court directed the government to reassess its estimate of trial length and "submit an estimate based on identification of witnesses, estimated length of testimony of each witness, and estimated length of time required for receiving and publishing to the jury all exhibits."

On November 30, 1990, the government filed its memorandum regarding estimated length of trial and the court's severance proposal (Docket No. 466). In it, the government contends that its original esti-

mate of six to eight weeks for trial of all defendants on all counts was a reasonable estimate. The government attempts to justify this estimate by breaking down the evidence it expects to introduce at trial and offering estimates of length of each component part of its case. In light of its estimate of trial length, the government contends that severance would be unnecessary and inappropriate in this case.

Defendants Shea and Bagley have objected to the proposed severance on the grounds that such a severance would violate double jeopardy principles embodied in the Fifth Amendment of the United States Constitution and because severing the case by severing counts would not shorten the trial (Docket No. 468, filed December 3, 1990). In support of the latter contention, defendants Shea and Bagley argue that the government will present evidence on most of the remaining 56 counts as part of its proof on Count One.

Defendant Mackie also objects to the proposed severance on the grounds that he "has the preminent [sic] right to be tried as he was accused" and that any successive trials of the counts in the indictment likely will result in double jeopardy and give the government an unfair advantage (Docket No. 461, filed November 30, 1990).

Finally, Defendant Cahill has indicated that he does not object to the proposed severance (Docket No. 419, filed November 7, 1990).

I find that the government's estimate of time required for completion of the case-in-chief (which includes the government's estimate as to time expected to be used for objections and cross-examination) fails to take due account of the likelihood of different contentions among 23 defense lawyers in relation to admissibility of evidence, limiting instructions and cross-examination. Also, as noted in the November 5 Memorandum and Procedural Order, there is some question as to whether this courthouse can accommodate a trial with such a large number of lawyers and parties. Further, the government's estimate simply does not factor in the time required for 23 defense counsel to make opening state-ments, closing arguments, and motions relevant to their individual defenses.

I remain convinced that a trial of all 23 defendants and all 57 counts would extend beyond four months and probably beyond six months. For the reasons stated in the earlier Memorandum and Procedural Order, such a result is unacceptable.

No party having proposed a better option, the court remains of the view that it is appropriate to proceed first with the trial of defendants Shea, Mackie, Bagley and Cahill. Also, because defendant Nodarse is currently being detained pending trial in this case, the court proposes to add defendant Nodarse to the list of defendants to be included in the first trial.

Though it is premature at this point to rule upon double jeopardy concerns that may develop in the future, the court is aware of the contentions of three of the five defendants named above that any severance of counts for later trial against them would violate their rights against double jeopardy. Without now ruling either way on the validity of these objections, the court is tentatively of the view that it should allow the trial to go forward against the five defendants on all the counts with which they have been charged in the indictment, but with notice to the government that if, in the midst of trial, the court determines that the trial will be unduly long if the government is permitted to present evidence with regard to every count against the five defendants, the court may order a further severance of counts as necessary. The court calls attention to the possibility that, jeopardy having attached at the beginning of trial, such an order may affect the possibility of a later trial of those counts against a defendant that are severed in the midst of trial over the objection of that defendant. The government may wish to reconsider its position about the scope of trial, in view of the court's notice that, if the need arises, the court may issue an order during trial reducing the number of counts included in the first trial.

Both the government and defendants Shea and Bagley contend that the govern-

ment's evidence with regard to the conspiracy count, Count One, will necessarily include evidence bearing on most if not all of the remaining counts. Of course, even if all such evidence is admissible, it does not follow that the court must receive it when doing so would produce an unmanageable or unduly lengthy trial, or for this or other reasons some of the otherwise admissible evidence should be excluded in the exercise of discretion under Rule 403 of the Federal Rules of Evidence.

## PROCEDURAL ORDER

For the reasons stated above, it is ORDERED:

 Counsel for the government and for defendants Shea, Mackie, Bagley, Cahill and Nodarse are to appear for a pretrial conference at 5:00 p.m. on Thursday, December 20, 1990. Counsel for any of the other defendants in this case are free to appear at the pretrial conference as well, if they so desire. Unless the court is persuaded at this pretrial conference to enter a different order, it expects to enter an order at or promptly after the conference as follows:

(a) The charges against Defendants Shea, Mackie, Bagley, Cahill and Nodarse are severed from all remaining charges under the indictment in this case, and will be tried first.

(b) The trial of the charges against these defendants will commence on the "TRIAL DATE" (See Procedural Order entered September 27, 1990, Docket No. 206).

(c) Any defendant or group of defendants who would be ready for trial on some or all of the charges against that defendant or defendants at a date earlier than the "TRIAL DATE" may submit a motion requesting that a severed part of this case involving charges against them be tried ahead of the charges referred to in paragraph (a).

(d) The court concludes that it is appropriate to place upon the government, to the extent stated here, risks incident to substantial underestimation of the length of the government's case-in-chief. This order is fashioned before the trial commences and thus at a time when no one can be certain that the estimate of length of trial is reasonably accurate. If, as trial proceeds, it becomes apparent to the court that a trial of excessive length is likely, the court may, after hearing all parties, enter a further order of severance of counts, thus reducing the number of counts at issue in the first trial.